

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

April 15, 2021

Lex A. Coleman
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301

        Re:  United States v. Marvin Wayne Akers
             Criminal No. 2:20-cr-00174

Dear Mr. Coleman:

    This will confirm our conversations with regard to your client, Marvin Wayne Akers (hereinafter "Mr. Akers"). As a result of these conversations, it is agreed by and between the United States and Mr. Akers as follows:

    1.  **PENDING CHARGES.** Mr. Akers is charged in three counts of the indictment as follows:

        a. Count One charges Mr. Akers with a violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (receipt of child pornography);

        b. Count Two charges Mr. Akers with a violation of 18 U.S.C. S 2252A(a)(2) and (b)(1)(distribution of child pornography); and

        c. Count Three charges Mr. Akers with a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of child pornography).

    2.  **RESOLUTION OF CHARGES.** Mr. Akers will plead guilty to Count One of said indictment, which charges him with a violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (receipt of child

                                                  MA
                                        Defendant's
                                        Initials

Lex A. Coleman  
April 15, 2021                                    Re: Marvin Wayne Akers  
Page 2

pornography). Following final disposition, the United States will move the Court to dismiss Count 2 and Count 3.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Akers will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of at least 5 years and up to 20 years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)  A term of supervised release of at least 5 years to life;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Akers has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Akers agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **RESTITUTION.** Mr. Akers understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victims in this case for full amount of the victims' losses, if any, notwithstanding the offense of conviction. Mr. Akers further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution,

                                                                                  *MA*  
                                                                              Defendant's  
                                                                                Initials

Case 2:20-cr-00174   Document 61   Filed 06/10/21   Page 3 of 13 PageID #: 203

Lex A. Coleman  
April 15, 2021  Re: Marvin Wayne Akers  
Page 3

Mr. Akers further agrees as follows:

(a) Mr. Akers agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Akers will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Akers agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Akers agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Akers agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000. However, nothing in this provision is intended to preclude the Court from ordering Mr. Akers to pay a greater or lesser sum of restitution in accordance with law.

*MA*  
Defendant's Initials

Lex A. Coleman
April 15, 2021                                    Re: Marvin Wayne Akers
Page 4

6. **ABANDONMENT OF PROPERTY.** Mr. Akers hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him on July 13, 2017 that is one Sony PlayStation 4 console; one Samsung GalaxyS4 mobile device, bearing IMEI number 990004456235914; one Amazon Kindle device, bearing serial number G0K0H40455071B0R; one Apple iPod, model A1367, C3VUN4G6F96.

The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Akers authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Akers agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Akers further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Akers authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Akers shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the

_____
Defendant's
Initials

Lex A. Coleman  
April 15, 2021                        Re: Marvin Wayne Akers  
Page 5

court ordered restitution or fine.

Mr. Akers agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

8. **COOPERATION.** Mr. Akers will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Akers may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Akers, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Akers for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Akers for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Akers stipulate and agree that the facts

                                                   *MA*  
                                             Defendant's  
                                                  Initials

Lex A. Coleman
April 15, 2021                                          Re: Marvin Wayne Akers
Page 6

comprising the offense of conviction and some, but not all, relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Akers agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Akers or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Akers knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Akers understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Akers agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG § 2G2.2

| | |
|---|---|
| Base Offense Level | 22 |
| Prepubescent Minor | +2 |

*MA*
Defendant's
Initials

```
Use of Computer                                +2

150 - 300 Images                               +3
```

The United States and Mr. Akers reserve the right to address the applicability of the distribution enhancement under 2G2.2(b)(3)(F). The United States and Mr. Akers further reserve the right to address the applicability of the sadistic or masochistic conduct enhancement under 2G2.1(b)(4)(a).

The United States and Mr. Akers acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK**. Mr. Akers knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 35 , regardless of criminal history category. Mr. Akers also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction [18 U.S.C. § 2252A(a)(2) and (b)(1)] is unconstitutional, and (2) Mr. Akers conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the [18 U.S.C. § 2252A(a)(2) and (b)(1)].

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is

_MA_
Defendant's Initials

Lex A. Coleman  
April 15, 2021                           Re: Marvin Wayne Akers  
Page 8

within or above the Sentencing Guideline range corresponding to offense level 26, regardless of criminal history category.

    Mr. Akers also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    14.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Akers knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    15.  **SEX OFFENDER REGISTRATION REQUIREMENT.**  Mr. Akers understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Akers understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Akers further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. Mr. Akers understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

                                                           _MA_  
                                                           Defendant's  
                                                           Initials

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Akers;

(f) Advise the Court concerning the nature and extent of Mr. Akers' cooperation; and

(g) Address the Court regarding the issue of Mr. Akers' acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Akers violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Akers in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Akers in any Court other than the United States District Court for the Southern District of West Virginia.

_MA_
Defendant's
Initials

Lex A. Coleman  
April 15, 2021                              Re: Marvin Wayne Akers  
Page 10

Acknowledged and agreed to on behalf of the United States:

                          LISA G. JOHNSTON  
                          Acting United States Attorney

          By:  
                          M. Ryan Blackwell  
                          Assistant United States Attorney

                                                      Defendant's  
                                                      Initials

Lex A. Coleman
April 15, 2021                                    Re: Marvin Wayne Akers
Page 11

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eleven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          4-21-21
Marvin Wayne Akers                      Date Signed
Defendant

_____          18 May '21
Lex A. Coleman                          Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:20-cr-00174

MARVIN WAYNE AKERS
    also known as "Marty Akers"

<u>STIPULATION OF FACTS</u>

The United States and MARVIN WAYNE AKERS (hereinafter "defendant," "my," "me" and "I") stipulate and agree that the facts comprising the offense of conviction (Receipt of Child Pornography in Count One of the Indictment in the Southern District of West Virginia, Criminal No. 2:20-cr-00174), and some, but not all, relevant conduct include the following:

1.   In or around December 2016 through July 2017 I utilized a Facebook account with a username "MartAkers24." Facebook is an internet platform with messaging services which is a means and facility of interstate commerce.

2.   On December 21, 2016, at or near Lake, Logan County, West Virginia, and within the Southern District of West Virginia, I used my "MartAkers24" Facebook account to chat with Facebook user "Jewel Rental." During the conversations it was my belief that "Jewel Rental" was an adult male living in the Philippines. In the conversation I asked to see "her." In response, "Jewel Rental" sent me a photo of a prepubescent female naked with her legs spread and her genitals visible, a second image of a prepubescent female's genitals, and a video of a prepubescent female engaged in oral sex with an adult male. I knew the images and video that "Jewel Rental" sent to me were child pornography or images depicting children under the age of 18 engaged in sexually explicit conduct.

"Plea Agreement Exhibit A"

3. On June 21, 2017, I used my "MartAkers24" Facebook account to chat with Facebook user "Maata Jane." It was my belief that "Maata Jane" was an adult living in Manilla, Philippines. During the conversation I sent her an image that I knew depicted sexually explicit conduct.

4. On July 13, 2017, federal agents with Homeland Security Investigations executed a search warrant at my mother's residence, located at 482 Isom Branch Road in Lake, Logan County, West Virginia. At the time the agents executed the search warrant, this was my primary residence. During the search, federal agents seized a PlayStation 4, an Amazon Kindle Fire, and a Samsung Galaxy cell phone from my bedroom. These electronic devices belonged to me.

5. I know that I possessed more than 150 images depicting minors engaged in sexually explicit conduct, that is, actual or simulated sexual intercourse, oral sex, and the lascivious exhibition of the genitals and pubic area of the minors. These images were possessed on my devices that were seized by federal agents on July 13, 2017, and on my Facebook account.

6. This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement in the charges set forth in the Indictment.

Stipulated and agreed to:

_____     5-21-21
MARVIN WAYNE AKERS                  Date
Defendant

_____     18-May-21
LEX COLEMAN                         Date
Counsel for Defendant

_____     6/10/2021
M. RYAN BLACKWELL                   Date
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"